IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TENEKA HARRELL, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| R. JAMES PROPERTIES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Teneka Harrell ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant R. James Properties, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's retaliation against Plaintiff, which violates Title VII of the Civil Rights Act ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.

Defendant is a domestic limited liability company and resides in this District.  In addition, the unlawful employment practices alleged in this Complaint were committed within this District.  In accordance with 28 U.S.C. § 1391(b)(1) & (2) and 42 U.S.C. §2000e-5(f)(3), venue is appropriate in this Court.

## PARTIES AND ADMINISTRATIVE PREREQUISITES

4.

Plaintiff is a Georgia resident and is subject to jurisdiction in this Court.

5.

Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's retaliation against Plaintiff. Upon Plaintiff's request, the EEOC issued a Notice of Right to Sue with respect to the EEOC Charge and Plaintiff now commences this action less than 90 days from the date the Notice of Right to Sue was issued.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Richard E. James, 1904 Monroe Dr. NE, Suite 235, Atlanta, Georgia 30324.

**FACTUAL ALLEGATIONS**

7.

Plaintiff began her employment with Defendant in March 2012 as an assistant property manager. At the time of her termination in July 2018, Plaintiff was a regional property manager.

8.

Brittany Bishop ("Bishop"), Plaintiff's cousin, was employed by Defendant during part of Plaintiff's employment.

9.

In April 2018, Bishop filed a grievance against Defendant alleging gender, race and disability discrimination. Defendant's President, Mr. Kelly James ("James") asked Plaintiff to speak with Bishop regarding her grievance.

10.

On or about May 29, 2018, during a meeting with James and Laretia Williams in which Bishop's EEOC Charge was assessed, Plaintiff referred James

to a video provided by Bishop that Plaintiff considered to be evidence of gender discrimination. In the meeting, Plaintiff further stated that she believed Bishop had been subjected to gender discrimination.

11.

On or about June 15, 2018, Plaintiff suggested that Defendant have an employee discrimination awareness program.

12.

On or about June 15, 2018, James and Williams met with Plaintiff, denied Bishop was subjected to gender discrimination, and demanded Plaintiff write a letter stating there had not been discrimination against Bishop.

13.

On or about July 9, 2018, James again instructed Plaintiff to draft correspondence stating there had been no discriminatory actions directed towards Bishop, and advised Plaintiff that she would be terminated if she did not write the letter.

14.

On or about July 10, 2018, Plaintiff advised James that she would not write a statement that she did not consider to be truthful. Plaintiff was then terminated.

15.

Any reason provided by Defendant for Plaintiff's termination is pretext for unlawful retaliation based on Plaintiff's protected activity.

## **COUNT I**

## **RETALIATION IN VIOLATION OF TITLE VII**

16.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

17.

Plaintiff engaged in protected activity under Title VII.

18.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of Plaintiff's protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

19.

There was a causal connection between the protected conduct and the adverse action of termination.

20.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

22.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

This 19th day of September 2018.

**BARRETT & FARAHANY**

s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com